IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | No. 2:98-356 |
| | ) | |
| v. | ) | |
| | ) | |
| Barrington Isaacs, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's "Motion to Correct Illegal Sentence," which the government argues is a successive request for post conviction relief under 28 U.S.C. § 2255. Whatever name is given to defendant's request for relief, the court finds that applicable law does not entitle defendant to such relief; therefore, whether it be for failure to obtain a certificate of appealability under 28 U.S.C. §§ 2244 and 2255 or whether it be on the merits, defendant's claim will be denied.

## I. Background

Defendant pled guilty to drug conspiracy charges and was consequently sentenced to a term of 262 months in federal prison. He now challenges his sentence under the Sixth Amendment and the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).[1]

---

[1] Defendant also attempts to base his challenge on other cases and other constitutional amendments, but the court finds these other grounds to be without merit and consequently only addresses defendant's Booker claim. Additionally, while defendant claims that "[t]he presentation of this issue, [sic] is explicitly not based on Apprendi and its progeny," he later cites Blakely and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), as authority for his position. To the extent defendant indirectly argues for the retroactive application of Booker to his case on collateral review, that argument is rejected as laid out in this opinion. To the extent other arguments are made,

In Booker, the Supreme Court reaffirmed its holding from Apprendi v. New Jersey, 530 U.S. 466 (2000), stating "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. In so doing, the Court explicitly found the Federal Sentencing Guidelines subject to its holding and subsequently excised the provisions within the guidelines themselves that made their application mandatory. As a result, defendants whose cases were still on direct review became eligible for re-sentencing under the new regime.

Defendant's conviction became final on September 4, 2000,[2] before the Court's decision in Booker on January 12, 2005; therefore, in raising his challenge, defendant is necessarily asking this court to apply Booker's holding to his case retroactively. Existing law does not permit such an application.

## II.  Analysis

The determination of whether to apply any particular rule of law retroactively involves multiple steps. First, the court must determine whether the rule of law is a substantive rule or a procedural rule because new substantive rules generally apply retroactively while new procedural rules generally do not apply retroactively. Schriro v.

---

they are summarily rejected as without merit.

[2] June 6, 2000 is the date the Fourth Circuit affirmed the judgment against petitioner; however, because petitioner did not seek review by the Supreme Court, his conviction became final when his right to seek that review ended, which was ninety days after the Fourth Circuit's affirmation or September 4, 2000. See Clay v. United States, 537 U.S. 522, 532 (2003).

Summerlin, 124 S. Ct. 2519, 2522-2523 (2004).  Second, if the rule is procedural, the court must then determine whether it is a "new" rule.  See Beard v. Banks, 124 S. Ct. 2504, 2510 (2004).  If it is a new procedural rule, then the court must further determine whether it is a "watershed" rule.  See id.  If the rule of law is either a substantive criminal law or a new watershed rule of criminal procedure, then it must be applied retroactively.  All others will not be applied retroactively.

### A.     Substantive or procedural

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."  Schriro, 124 S. Ct. at 2523 (citing Bousley v. United States, 523 U.S. 614, 620-621 (1998) and Saffle v. Parks, 494 U.S. 484, 495 (1990)).  By contrast, "rules that regulate only the manner of determining the defendant's culpability are procedural."  Id.

The holdings of Apprendi and Booker do not address the scope of conduct prohibited by the criminal law, nor do they speak to the class of persons affected by that law.  Instead, the high Court rulings realign the method of determining what conduct has occurred (and the threshold of proof applicable in that determination) with the mandates of the United States Constitution.  As the Seventh Circuit put it, "No conduct that was forbidden before Booker is permitted today . . . ."  McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  The change effected is that judges are no longer bound by sentences prescribed by the Guidelines based on facts they have found by a preponderance of the evidence.  In returning judicial discretion to a sentencing scheme based on statutory minimums and maximums, in re-allocating the duties of essential fact-

finding to the juries, and in re-affirming the standard of proof attached to that fact-finding, the Supreme Court fine-tuned the machinery that carries out the interdiction of the criminal law, the process. Consequently, the rule announced in Booker is procedural.

### B. New or then-existing

Because Booker's edict is procedural, the court operates against the background that it would not generally be applied retroactively, but in the foreground that there are nearly always exceptions in the law. In order for a criminal procedural rule to be applied retroactively, it must be "new" and it must be a "watershed rule." See Beard, 124 S. Ct. at 2510. A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." Teague v. Lane, 489 U.S. 288, 301 (1989). Said another way, the court must "assay the legal landscape as of [the date defendant's judgment became final] and ask 'whether the rule later announced in [Booker] was dictated by then-existing precedent– whether, that is, the unlawfulness of [defendant's] conviction was apparent to all reasonable jurists." Beard, 124 S. Ct. at 2511 (citing Lambrix v. Singletary, 520 U.S. 518, 527-528 (1997)).

As the Sixth Circuit recognized in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), "[t]he Booker rule is clearly new." Id. at 861. Apprendi did not mandate the outcome in Booker. See Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (observing that "before Blakely was decided, every federal court of appeals had held that Apprendi did not apply to guideline calculations made within the statutory maximum" and citing cases from twelve courts of appeals). It is also plain that reasonable jurists could disagree about whether Blakely v. Washington, 124 S. Ct. 2531 (2004), mandated

the outcome in Booker. First, Blakely expressly reserved opinion on whether it applied to the Federal Sentencing Guidelines. Blakely, 124 S. Ct. at 2538 n.9. Second, Booker was decided over a four-justice dissent. See Booker, 125 S. Ct. at 802 (Breyer, J., dissenting). Third, there was deep division in the federal judiciary over whether Blakely made Booker inevitable. See Humphress, 398 F.3d at 861-862 (discussing the circuit split that occurred between the time Blakely was decided and the time Booker was decided). All of these factors inform the court's decision that Booker indeed announced a new rule of criminal procedure.

### C.     Watershed or something less

A new rule of criminal procedure is of the "watershed" variety if it "implicat[es] the fundamental fairness and accuracy of the criminal proceeding." Saffle, 494 U.S. at 495 (citing Teague, 489 U.S. at 311 (plurality opinion)). "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" Schriro, 124 S. Ct. at 2523 (citing Teague, 489 U.S. at 313.)) Furthermore, the Supreme Court has "repeatedly emphasized the limited scope of [this] exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." Beard, 124 S. Ct. at 2513 (citing O'Dell v. Netherland, 521 U.S. 151, 157 (1997). In fact, a qualifying rule would have to be "'so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge . . . .'" Id. (citing Graham v. Collins, 506 U.S. 461, 478 (1993). And for that reason, "it should come as no surprise

that [the Supreme Court has] yet to find a new rule that falls under [this] exception." Id. at 2513-2514.

Booker is not destined to be the first new rule of criminal procedure to qualify under the watershed exception. As the Tenth Circuit observed, the holdings from Blakely (and now Booker) "do[] not affect the determination of a defendant's guilt or innocence. Rather, [they address] only how a court imposes a sentence, once a defendant has been convicted." United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005). Similarly, the Seventh Circuit has commented that:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.

McReynolds, 397 F.3d at 481. As the Supreme Court reasoned in Schriro:

> The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.

Schriro, 124 S. Ct. at 2526. While the Schriro Court was considering whether the rule making it unconstitutional for judges to find aggravating factors authorizing the death penalty was a watershed decision, most courts have found its reasoning persuasive in the present context. See Humphress, 398 F.3d at 863 (finding "Schriro's reasoning applies

6

with equal force to Booker"); McReynolds, 397 F.3d at 480 (finding Schriro is "all but conclusive" on the retroactivity of Booker); see also Varela, 400 F.3d at 868 (relying on Schriro and McReynolds for the same holding). This court, too, finds Schriro persuasive, as well as the courts of appeals that have addressed the issue so far. For those reasons, the court finds that Booker did not announce a watershed rule and cannot therefore be applied retroactively.[3]

---

[3] The court notes that all five federal courts of appeals that have addressed the issue so far have found that the rule from Booker is not retroactive. Guzman v. United States, 404 F.3d 139 (2d. Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844 (10th Cir. March 8, 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864 (11th Cir. Feb. 17, 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. Feb. 13, 2005).

### III.  Conclusion

For all of the foregoing reasons, the court finds that <u>Booker</u> does not apply retroactively to criminal judgments that became final before its release on January 12, 2005.[4]  Defendant's conviction became final on September 4, 2000, before the January 12, 2005 decision, and is therefore not subject to the rule announced in <u>Booker</u>.  For that reason, defendant's claim for relief will be **DENIED**, and the government's motion to dismiss will be **GRANTED**.

**AND IT IS SO ORDERED**.

s/ David C. Norton
_____
**David C. Norton**
**United States District Judge**

**May 19, 2005**
**Charleston, South Carolina**

---

[4] The Fourth Circuit recognized, in <u>United States v. Hammoud</u>, 381 F.3d 316, 345 (4th Cir. 2004), that the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), did not itself invalidate the Federal Sentencing Guidelines; therefore, <u>Booker</u>'s issue date rather than <u>Blakely</u>'s date marks the dawning of a new rule and, consequently, the appropriate cut-off point for cases on direct review.  <u>See</u> <u>also</u> <u>Guzman</u>, 404 F.3d at ___ (holding same);  <u>McReynolds</u>, 397 F.3d at 481 (holding same).